UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOY LYNN VIESSMAN,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION;<br><br>Defendant. | 4:19-CV-04063-VLD<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES<br><br>Docket Nos. 25 & 26 |

**INTRODUCTION**

Pending before the court is plaintiff's motions for attorney's fees pursuant to 42 U.S.C. § 406(b). Docket Nos. 25 & 26. Defendant does not object to these motions, but asks the court to make an independent assessment of the reasonableness of the fees. Docket No. 28.

**FACTS**

On March 11, 2019, plaintiff hired counsel in this matter to represent her in an appeal to district court of the Commissioner's denial of Social Security disability benefits. Docket No. 26-2. As part of that fee agreement, plaintiff agreed to pay her attorney a fee equal to 25 percent of any past-due benefits which were awarded to her in the event her case was won. Id. The

retainer agreement provided plaintiff would not be responsible for any attorney's fees if her case were lost.  Id.

On March 15, 2019, counsel for plaintiff filed a complaint with this court appealing the defendant's denial of Social Security Disability and Supplemental Security Income disability benefits.   Docket No. 1.  In support of reversal, counsel raised five arguments divided into three main categories.  Docket No. 15.  The court reversed and remanded back to the agency, finding in plaintiff's favor on four of the five issues.[1]  Docket No. 19.

Following the issuance of that favorable decision, plaintiff made a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Docket No. 21.  The court granted the motion and awarded a total of $6,272.64, representing $5,889.80 in attorney's fees, $382.84 in South Dakota sales tax on those fees, and $21.00 in EAJA expenses for postage.  Docket No. 23.

On remand, the Commissioner found plaintiff had been disabled since May 8, 2016.  Docket No. 26-3 at p. 2.  Plaintiff was awarded a lump-sum of past due benefits in the amount of $48,016.00.  Id.

---

[1] Plaintiff argued the ALJ erred by not finding her personality disorder was a severe impairment at step two, that the ALJ erred in determining her physical and mental RFC, that there was a fatal discrepancy between the VE's testimony about work plaintiff could perform and the DOT descriptions of those jobs, and that the ALJ failed to make a finding that substantial numbers of those jobs were available in plaintiff's region or in several regions of the nation.  The court ruled in plaintiff's favor on all but the step two issue.  Docket No. 19.

Plaintiff's counsel now seeks an award of $10,276.52 for his representation of plaintiff in federal court pursuant to 42 U.S.C. § 406(b). Docket Nos. 25 & 26.  This represents 30.05 hours of plaintiff's counsel's work. Plaintiff's counsel states he will credit or return to plaintiff the $6,272.64 previously awarded under the EAJA.

## DISCUSSION

In Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002), the Supreme Court addressed a split of authority among the circuit courts as to how to analyze the reasonableness of a fee award under 42 U.S.C. § 406(b).  Specifically, if a contingent fee agreement did not exceed the 25 percent allowed by § 406(b), should the court begin with a lodestar calculation as it has with other fee statutes such as 42 U.S.C. § 1988?  Id.  The Court concluded Congress enacted § 406(b) to control, not to displace, contingent fee agreements between Social Security claimants and their attorneys.  Id. at 793.

Under § 406(b), upon a Social Security claimant being awarded back disability benefits, the claimant's lawyer is entitled to "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant for the lawyer's work in district court.  Id. at 795.  That lawyer's fee is payable "out of, and not in addition to, the amount of past-due benefits."  Id.

In many cases, an award of attorney's fees is also available to the claimant for his lawyer's work before the district court under the EAJA if the claimant is a "prevailing party" and the Commissioner's position was not "substantially justified."  Id. at 796.  EAJA fees are not determined by a

3

percentage of the recovery, but rather by the hours the attorney spent on the case at the district court level and the attorney's hourly rate, which is capped by statute.  Id.  "Fee awards may be made under both [§ 406(b) and the EAJA], but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'"  Id. (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).

The lower courts in Gisbrecht disregarded the contingent fee agreements entered into between the claimants and their lawyers and instead applied a "lodestar" method of determining attorney's fees under § 406(b), considering the number of hours reasonable for each case and a reasonable hourly fee, and also considering 12 additional factors, one of which was whether the fee agreement was fixed or contingent.  Id. at 797-98.  The Supreme Court reversed.  Id. at 799.

The Court held the lodestar method of determining reasonable attorney's fees was developed to address fee-shifting statutes which required the loser to pay the winner's attorney's fees.  Id. at 806.  Section 406(b), by contrast, governed the division of the recovery between the claimant and his or her attorney—it did not impose attorney's fees on the losing party as in fee-shifting statutes.  Id.

The Court held § 406(b) did not displace contingent fee agreements as the primary means by which claimants and their attorneys set the attorney's fee in Social Security cases appealed to district courts.  Id. at 807.  Rather, § 406(b) "calls for court review of such arrangements as an independent check,

to assure that they yield reasonable results in particular cases." Id.  The sole boundary line set by Congress is the 25-percent cap.  Id.  In conducting the independent review, courts should look at the character of the representation, the results obtained, and whether the attorney was responsible for delay (thus increasing the "pot" of past due benefits from which the fee is taken as a percentage).  Id. at 808.  Courts should also compare the amount of past due benefits awarded to the amount of time counsel spent on the case.  Id.

Here, the court finds plaintiff's counsel's request of attorney's fee of $10,276.52 for 30.05 hours of work to be reasonable.  The amount is less than 25 percent of the plaintiff's total past due benefits awarded—amounting to only 21.4 percent.[2]  The hours spent are well within the range typically seen in EAJA applications—the hours are not disproportionately low compared to the recovery.

Additionally, there is no indicia that counsel was responsible for delay here.  This court issued its order remanding this matter to the agency on January 13, 2020.  Counsel succeeded in obtaining an award of benefits for plaintiff on March 24, 2021.  Docket No. 26-3.  There was a delay of six months between the notice of the award of back benefits and counsel's § 406(b) application for attorney's fees in this court, but that delay did not serve to

---

[2] Plaintiff's counsel at the administrative level will receive the remaining 3.6 percent of the contingent fee.  Thus, the total contingent fee will not exceed 25 percent of the plaintiff's back benefits.  Docket No. 26 at pp. 2-3.

increase the amount of back benefits awarded.[3]  That amount had already been determined and did not change after March 24, 2021.

Furthermore, the award of $10,276.52 amounts to an hourly rate of $341.98.  The court finds this fee to be reasonable, especially in the Social Security context where a lawyer specializing in this kind of work will inevitably take cases that do not result in any award of benefits and thus will be paid nothing.  The winning cases need to offset in part the losing cases or no counsel will be willing to represent claimants in Social Security matters.  Seay v. Berryhill, 5:16-cv-05096-VLD, 2018 WL 3014111 **3-4 (DSD June 15, 2018).

## CONCLUSION

Based upon the court's independent review of plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), it is hereby

ORDERED that counsel's motions [Docket Nos. 25 & 26] are granted. Counsel is awarded $10,276.52 in attorney's fees to be paid out of plaintiff's back benefits.  It is further

---

[3] Counsel explained that he did not get direct notice of the award of benefits from the agency, but rather found out about them later when plaintiff's administrative lawyer notified counsel of the award.

ORDERED that plaintiff's counsel shall refund to plaintiff the EAJA fees previously awarded in the sum of $6,272.64.

DATED October 13, 2021.

BY THE COURT:

_____

VERONICA L. DUFFY

United States Magistrate Judge